BARBARA S. FINLEY v. ARTHUR LEE RIPPEY, JR., ORIGINAL DEFENDANT; AND HAROLD LLOYD FINLEY, ADDITIONAL DEFENDANT

No. 7014SC528

(Filed 28 April 1971)

1. Evidence § 50— testimony by medical expert — admissibility

Testimony by an orthopedic specialist, when asked to explain what he meant by a possible disc injury, was testimony as to probabilities based upon his examination of plaintiff and diagnosis of her condition, and its admission was not prejudicial error.

2. Evidence § 50— medical testimony as to permanent disability

A medical expert may give his opinion as to the percentage of permanent disability to a portion of the body on the basis of an objective or detached standard without reference to the patient's occupation or daily activities.

APPEAL by Original Defendant Arthur Lee Rippey, Jr., from *Godwin, Special Superior Court Judge,* February 1970 Session, DURHAM Superior Court.

Plaintiff instituted this action to recover damages for personal injuries arising out of a collision which occurred on 26 November 1965. The action was originally brought against Arthur Lee Rippey, Jr., and Tony Wayne Rippey, his son. Pending trial, Tony Wayne Rippey was killed and the action proceeded only as to the defendant, Arthur Lee Rippey, Jr. It was stipulated that Tony Wayne Rippey was driving the automobile of Arthur Lee Rippey, Jr. as agent of Arthur Lee Rippey, Jr. The original defendant filed a cross action against Harold Lloyd Finley, husband of the plaintiff, alleging negligence on the part of Harold Lloyd Finley as a proximate cause of the collision and claiming contribution. Evidence as to the collision was conflicting. Plaintiff's evidence tended to show that the additional defendant Finley approached an intersection and gave a left turn signal indicating his intention to turn to the left; that as he approached the intersection, the automobile of the defendant Rippey was following him and collided with the Finley automobile while it was in the process of making a left turn. Defendant Rippey's evidence tended to show that the Rippey automobile had pulled out to pass the Finley automobile and that Finley began a left turn into the path of the overtaking Rippey automobile. Defendant Rippey's evidence also tended to show that instead of giving a left turn signal the additional defendant Finley, gave a right turn signal. Issues of negligence and damages were answered in favor of plaintiff. The third issue as to the joint and concurring negligence of the additional defendant Finley was answered in the negative. The defendant Rippey appealed.

*Spears, Spears, Barnes and Baker by Marshall T. Spears, Jr., for plainiff appellee.*

*Bryant, Lipton, Bryant and Battle by Victor S. Bryant for original defendant appellant Rippey.*

*Teague, Johnson, Patterson, Dilthey and Clay by Ronald C. Dilthey for additional defendant appellee Finley.*

VAUGHN, Judge.

[1]   Plaintiff's doctor, an orthopedic specialist, testified as to his examination, diagnosis and treatment of the plaintiff and gave his opinion as to her disability. His testimony includes the following:

> "Our diagnosis was that she had sustained a ligamentous injury of her low back which is not really or necessarily an exact diagnosis in that we know that in addition to ligaments the other movable structures in the spine that are frequently injured in an injury of this type and which do not show up on x-rays, where only fractures or dislocations are visible, is an injury to the intervertebral disc. There was no evidence we could point to that she had had a disc injury. On the other hand, although her findings were suggestive of ligamentous injury, we felt that she could certainly have sustained an injury to an intervertebral disc at this level."

Subsequently the witness was asked:

> "Explain to us just a little bit more what you mean by a possible disc injury. What could this reasonably involve in your mind?"

Defendant's objections to the question were overruled and the doctor answered as follows:

> "A disc injury, as with all other injuries, can be minimal or they can be extensive. Even with an extensive injury of a disc it does not necessarily mean that a rupture may occur, but the disc may be severely damaged and may undergo changes thereafter with narrowing of the space between the vertebra, and we know that people can have an injury and perhaps years later have a disc rupture occur that may well have been due to a previous injury, and yet we also know that the normal process of aging and wear and tear involving discs is such that there is no way we can be sure how much may have been attributed to an injury and how much may have been attributed to wear and tear.
>
> "In this case her findings and history over this brief period of time subsequent to an injury and without any prior history of back pain, and with a history of radiating

Finley v. Rippey

pain, were suggestive that she may well have had a disc injury even though there was no proof of this; and actually the only means of proving for instance, a ruptured disc, is actually by seeing it at the time of surgery."

Defendant contends that the foregoing constituted error in that it allowed the witness to "go off into the realm of speculation." We hold that the witness, a medical expert, was testifying as to probabilities based upon his examination and diagnosis and that the admission of the evidence was not prejudicial error.

[2] Defendant's assignments of error Nos. 4 and 9 are directed to the testimony of this doctor when he testified, in substance, that in his opinion plaintiff had "5 per cent partial permanent residual disability of the spine as a whole." The thrust of defendant's assignments of error with reference to the admission of this testimony is that the disability rating was given on a basis which did not include any relationship to the patient's occupation or to her daily activities. Where a medical expert is of the opinion that his patient has suffered some permanent loss or disability to a part of his body, we think it is entirely proper for him to express his opinion as to the percentage of disability to that portion of the body on the basis of an objective or detached standard. The jury will then consider this along with all the other evidence in determining what damages the plaintiff as an individual has sustained. These assignments of error are overruled.

The defendant brings forward 13 assignments of error based on alleged errors in the charge, all of which have been carefully reviewed by this Court. When the charge in this case is considered as a whole, in the same connected way in which it was given, it presents the law fairly and clearly to the jury and no prejudicial error appears therein which would afford grounds for reversing the judgment. The case was well and fairly tried in the superior court and has been ably argued on appeal to this Court. We hold that the defendant has had a fair and impartial trial, free of prejudicial error.

No error.

Judges BROCK and MORRIS concur.